UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MILTON OTIS LEWIS,

      Petitioner,

  v.

JEANNE WOODFORD, Warden,

      Respondent.

NO. CIV. S-02-0013 FCD GGH DP

<u>DEATH PENALTY CASE</u>

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on petitioner Milton Otis Lewis' objections to the findings and recommendations of the magistrate judge, filed July 12, 2005 ("F&R"), addressing the penalty phase use of preliminary hearing testimony.[1] For the reasons set forth below, the court adopts the magistrate judge's

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern District Local Rule 72-302.

findings and recommendations and finds that petitioner's motion for partial summary judgment is DENIED.

## BACKGROUND

The court adopts the factual and procedural background set forth by the magistrate judge in his findings and recommendations.  (See F&R, filed July 12, 2005, at 2-7.)

## STANDARD

When timely objections to findings by a magistrate judge are filed, the district court must conduct a de novo determination of the findings and recommendations as to issues of law.  28 U.S.C. § 636(b)(1).  The district court may adopt, reject, or modify in part or in full the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).

## ANALYSIS

**1.   Confrontation Clause**

The court adopts the analysis set forth by the magistrate judge in denying petitioner's motion for summary judgment on his claim of a Sixth Amendment violation.  The magistrate judge correctly found that the use of an unavailable witness' preliminary hearing testimony, where the witness was subject to cross-examination, did not violate the Confrontation Clause.  In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that, under the Confrontation Clause, testimonial, out-of-court statements of unavailable witnesses required prior cross-examination.  The Court did not address the scope of cross-examination. However, in Delaware v. Fensterer, 474 U.S. 15, 20 (1985), the Court set out the general rule regarding the scope of requisite cross-examination: "[T]he Confrontation Clause

guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." This remains the rule after <u>Crawford</u>. The magistrate judge correctly found that because the petitioner had an adequate opportunity for cross-examination at the preliminary hearing, the introduction of the unavailable witness' testimony did not violate the Confrontation Clause.

Petitioner objects to the magistrate judge's harmless error analysis. Specifically, petitioner alleges that the magistrate judge failed to examine the "record as a whole" as required by <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993). The magistrate judge addressed the possible prejudice suffered by petitioner for the sake of completeness, even though he correctly found that no Confrontation Clause violation had occurred. (F&R at 13). Because the court finds that the magistrate judge was correct in his analysis of the Confrontation Clause claim, the court does not address petitioner's prejudice objection.

**2.  Petitioner's Second and Third Claims**

Petitioner alleges a number of violations based upon the inclusion of the unavailable witness' testimony, including a violation of due process, prosecutorial misrepresentation, and <u>Brady</u> violations. (F&R at 14-21). Petitioner does not address these claims in his objections to the magistrate judge's findings and recommendations. However, after conducting a de novo review of these issues, the court finds that the magistrate correctly found that there were no material misrepresentations by the prosecutor and that there were no <u>Brady</u> violations for failure to

3

turn over material exculpatory evidence.  (Id. at 16-21).  The magistrate judge also correctly found that none of the alleged violations prejudiced the petitioner.  (Id.)

**4.     Ineffective Assistance of Counsel**

Petitioner alleges that his trial counsel's failure to investigate the unavailable witness' file constituted ineffective assistance of counsel.  To sustain an ineffective assistance of counsel claim, petitioner must show: (1) that considering all circumstances, counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The magistrate judge correctly found that, in regard to the investigation of the unavailable witness' file, trial counsel did not act unreasonably in his representation of the petitioner and that any error by counsel did not effect the judgment.

In his objections, petitioner urges the court to consider other errors made by counsel in the penalty phase that were not brought in his motion for partial summary judgment.  The petitioner also requests that the court take this motion under submission until review of all his ineffective assistance of counsel claims is complete.  The court denies petitioner's request.  Petitioner brought this motion for partial summary judgment, seeking, in part, a finding of ineffective assistance of counsel based solely upon the failure to investigate the witness' file.  This finding was not made.  Thus, petitioner's motion for summary judgment on this claim is denied.  However, the court will consider this claim in the context of petitioner's

4

other claims of ineffective assistance of counsel when those claims are ripe for review by this court.

**CONCLUSION**

For the foregoing reasons, the court adopts the magistrate judge's findings and recommendations filed July 12, 2005 and thereby DENIES petitioner's motion for partial summary judgment.

IT IS SO ORDERED.

DATED: October 14, 2005

                                /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
                                UNITED STATES DISTRICT JUDGE