1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MILTON OTIS LEWIS,

11            Petitioner,                    CIV-S-02-0013 FCD GGH DP

12        vs.                                **DEATH PENALTY CASE**

13   JEANNE WOODFORD, Warden,

14            Respondent.                    <u>AMENDED BUDGET ORDER</u>

15   _____/

16   *Introduction and Summary*

17          The Ninth Circuit Capital Case Committee did not approve the budget submitted

18   for Phases III and IV, and requested further explanation.  The undersigned held a hearing into the

19   details of the proposed budget on October 20, 2006.  The undersigned found at hearing that the

20   representations of counsel on the record may stand in lieu of a declaration explaining the same

21   details; indeed, because the undersigned's questions were answered in a give and take manner,

22   the hearing may be superior to simply having a declaration submitted.

23          In this Amended Budget Order, the undersigned will give a summary of the

24   proceedings held thus far in the case, two special considerations for budgeting in this case (initial

25   approved budgeting for "three" phases," focus on penalty phase) and will detail the findings and

26   conclusions made on the proposed budget in a line-by-line, or where appropriate, collective

category basis.  Attached for the Committee's information is a transcript of the hearing

(attachment 1), a table of contents for the Amended Petition (attachment 2), and the proposed

budget as it appeared on the spreadsheet (attachment 3).  Although the undersigned will discuss

all items on the spreadsheet, he will not necessarily repeat herein all figures on the spreadsheet.

*Procedural Background of the Case*

Counsel was appointed on May 5, 2002.  An initial motion regarding a

prospective tolling of the AEDPA limitations period was adjudicated.  The Petition in this case

was filed on March 31, 2003.  After exhaustion took place, an Amended Petition, the operative

petition in this case, was filed on December 13, 2004.  Petitioner quickly brought an initial

summary judgment motion on several claims having primarily to do with evidence submitted in

the prosecution of the penalty phase.   The court, however, adjudicated these claims in favor of

respondent.

Respondent then brought a motion for summary judgment on selected claims;

petitioner has opposed and brought his own motion for summary judgment on selected claims.

This is the second such motion brought in the case, and brings to an end law and motion on the

merits prior to an evidentiary hearing, except perhaps, for a motion by respondent that petitioner

does not meet the AEDPA procedural threshold for an evidentiary hearing on certain claims.  In

order to understand what had been ruled upon, what is pending ruling, and what remains to be

ruled upon at evidentiary hearing, the undersigned sets forth the following chart of the 103 claim

First Amended Petition (See Attached Table of Contents for a brief description of the claims):

Claims Ruled Upon By Findings and Recommendations of July 12, 2005; Order
of October 14, 2005 (summary judgment awarded to respondent): 1, 2, 3, and 7.

Claims pending ruling in the second motion for summary judgment: ("R" =
respondent's motion; "P"= petitioner's cross-motion):

8–R
25-R
29-R
33- R & P
34-R

2

35-R
36-R & P
37-R & P
38-R & P
39-R & P
40-R & P
41-R & P
42-R & P
43-R & P
44-R
45-R
46-R & P
47-R & P
48 -R & P
49 -R & P
50 -R & P
51 -R & P
52 -R & P
53 -R & P
54 -R & P
55 -R & P
56 -R & P
57 -R & P
58 -R & P
59 -R & P
60 -R & P
61 -R & P
62 -R & P
63 -R & P
64 -R & P
65 -R & P
66 -R
67 -R & P
68 -R
71 -R & P
72 -R & P
73 -R & P
74 -R & P
75 -R & P
76 -R & P
77 -R & P
78 -R & P
79 -R & P
80 -R & P
81 -R & P
82 -R & P
83 -R & P
84 -R & P
85 -R & P
86 -R
87 -R & P

88 -R & P
89 -R
90- R
91 -R & P
92 -R & P
93 -R & P
94- R
95 -R
96 -R
97 -R
98 -R & P
99 -R & P
100 -R
101 -R & P

Certain claims of the second motion, undecided at present[1], will be resolved at evidentiary hearing.  The remaining claims, not listed above, will go to evidentiary hearing except for those claims which are procedurally deficient under AEDPA, or shall be otherwise finally resolved on their face at evidentiary hearing.  That is, respondent will be permitted to oppose an evidentiary hearing on grounds that AEDPA precludes such, but the undersigned will not permit yet a third motion for summary judgment on the merits.  Thus, in addition to any of the above listed claims determined to be appropriate for evidentiary hearing, Claims 4 (petitioner's "helper" counsel disbarred), 5, 6, 9, 10, 11, 12, 13, 14, 15,16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32, 69, 70, 102, 103 are all that will go to evidentiary hearing barring an AEDPA flaw; petitioner and respondent will be allowed to request *necessary* discovery on all claims set forth in this paragraph.  Thus, a certain amount of discovery motion practice may ensue.

*Perhaps Unique Budgeting Aspects of This Case*

The first aspect worthy of comment is that defense trial counsel put on no evidence (and that does mean zero, see RT 3974) during the penalty phase.  Thus, in connection with ineffective assistance of counsel claims (and especially the prejudice prong of Strickland), it

---

[1]  All briefing is accomplished and the hearing has been held. The undersigned is "waist deep" into resolving those issues at the present time.

1   was apparent at the initial budgeting phases that quite a bit of investigation would be required in

2   order to present penalty phase arguments of potential relevance here and which have been

3   recognized as generally necessary by the Ninth Circuit, e.g., social history work-up, drug and

4   alcohol dependency (has some relation to the involuntary manslaughter disputes in the guilt

5   phase), other psychiatric/psychological issues.  Since these issues must be developed essentially

6   from scratch, this aspect of the case has been (and will be) fairly costly.

7              The second aspect has to do with the fact that adjudication on the merits in this

8   habeas action began so quickly that such adjudication was not properly accounted for in the

9   Phase I and II budgets.  To confuse matters more, under the phasing approach in vogue at the

10   time, the court initially endeavored to propose a budget for Phases I, II and III, but in reality, only

11   Phases I and II (as presently described) were accounted for.  Nevertheless, for awhile, the

12   undersigned mistakenly recollected that, at least partially, Phase III (as currently described) had

13   been the subject of budget.  Thus, in actuality, certain expenses in connection with adjudication

14   on the merits have been incurred, and will be reflected in this proposed budget nevertheless.

15   _Specific Approvals and Modifications to Proposed Budget (Attachment 3)_

16              The court turns now to the specific requests in the proposed budget.  The

17   undersigned's conclusions are based on the October 20, 2006 hearing; however, as explained

18   herein, the court has modified some of the conclusions made at the hearing.

19              Hourly Rates for Counsel

20              The hourly rates approved and applicable to counsel working on this case are

21   presently $160 hour for lead counsel and co-counsel, and $125/hour for associate counsel.  In this

22   case, all counsel are within the same firm.[2]

23   \\\\\

---

25   [2]  By previous order in this case, and approved by the Capital Case Committee for Phases
    I and II, lead counsel and co-counsel were approved at the same rate, $160.00 hr. (within current
    standards).  Associate counsel is billing at $125.00 and the undersigned approves this as well.
26   Efficiencies have been realized in having all counsel from the same firm working on this case.

Phase III First Sheet (Excludes Travel Time)

Starting from the top page of the spreadsheet, the undersigned finds counsels' proposed time for meeting with opposition counsel, attending case management conferences, and corresponding/consulting with petitioner as a reasonable prediction, i.e., and time which one might expect to be expended.

Counsel seek a total of 120 hours for consulting with experts (60 each for lead counsel and associate counsel).  The undersigned declines to authorize this amount in total which represents a total of one attorney consulting for three solid weeks.  Consultation time was approved for Phases I and II.  Except for discovery preparation, and based on the undersigned's anecdotal experience, it is unpredictable whether the Attorney General will even seek discovery or acquire matching experts, only some work remains to be done with the experts for Phase III purposes.  Preparation for an evidentiary hearing is included in Phase IV.  Therefore, the court will deduct 30 hours each from lead counsel and associate counsel's prognostication of 60 hours each.  *Total category deduction – $8,550.00*

Several categories exist for legal briefing in Phase III.  First, there are no anticipated Chapter 154 issues in this case, and the total amount requested will be disapproved.  As discussed at hearing, and as explained herein, except for objections to Findings and Recommendations on the second summary judgment motion and discovery motions, all of the prognosticated Phase III merits briefing has been accomplished.  $99,130.00 has been billed thus far for this work.  Of the remaining $30,000.00 which remains to be billed, only $10,000.00 relates to the merits motions, but that time was for preparation for hearing and appearance.  Time for objections to the soon to be issued Findings and Recommendations will be addressed in the category "post-judgment motions."  Any further briefing regarding an evidentiary hearing will be

\\\\\

\\\\\

\\\\\

6

accounted for in Phase IV.  Thus, with the exception of discovery motion briefing, no further

monies will be allocated for Phase III merits briefing issues.[3]

For preparation of discovery motions, lead counsel has prognosticated 25 hours,

co-counsel 50 hours, and associate counsel 25 hours.  The fact that discovery will be allowed is

not in dispute, the amount of discovery to be requested (and possibly disputed) is difficult to

predict absent a ruling on the summary judgment motion.  However, it has been the experience of

the undersigned that discovery motions in capital cases can be protracted and time consuming.

The prognosticated times are reasonable predictions and will be approved.

In sum, for merits briefing $99,130.00 (expended) is approved; $15,125.00 is

approved for discovery motions.  In the six legal briefing categories discussed above, which

totaled $166,650.00 in requests, *$52,395.00* has therefore been deducted.  The amount approved

for these six categories is ***$114,255.00***.

The court finds the total of 80 hours for <u>oral argument</u> (40 hours for lead counsel

and 40 hours for associate counsel) to be excessive for hearings held and contemplated in Phase

III.  Twenty hours each will be deducted for a total deduction of $5,700.00.[4]

Again, it is difficult to predict with certainty the precise amount of <u>discovery</u>, both

paper and deposition, to be undertaken absent a ruling on the summary judgment motion.  The

anticipated times are reasonably predicted.

As indicated above, objections to the pending summary judgment motions will be

subsumed within the <u>post-judgment motion</u> category, because Phase III will not result in final

judgment.  Due to the size of the pending motion, time to be spent on preparation of objections,

---

[3]  Again, because the summary judgment motions will have determined which issues remain to be resolved at evidentiary hearing (either on their face or with evidence), no omnibus motion for an evidentiary hearing will be heard in Phase III.

[4]  At hearing, counsel estimated that $10,000 yet to be billed was pertinent to the second summary judgment motion, most probably preparation for, and attendance at, the hearing.  After close inspection of the vouchers, the court may expand the budget in this category which only permits $5,700 to be expended.

1  or responses to objections made by respondent, can be substantial.  The court finds the

2  prognosticated times for "objections" purposes reasonable.

3          The court finds the time predicted for preparing a case management plan and

4  budget for Phase IV, some of which has been expended already, to be reasonable.  Further, the

5  time incurred in revising the Phase III budget, and time predicted for possible future changes, are

6  reasonably predicted.

7          The sum total requested for Phase III activities (travel excluded) was $248,405.00.

8  The court has deducted $66,645.00, and ***$181,760.00*** is approved.

9      Phase III Travel

10          The court discussed the categories at hearing.  See Transcript.  With the exception

11  of travel to consult with Resource Counsel, who has not been approved to participate in this case,

12  all travel times, some of which has been expended already, are approved.  Thus, $29,280.00 was

13  requested, *$3,240.00 was deducted – **$26,040.00*** is approved.

14      Phase III Investigator

15          For reasons set forth at hearing, but not here due to work product concerns, the

16  court determined that the purpose for which the proposed investigator would be retained does not

17  at this time have a reasonable possibility of being successful.  *The entire requested amount of*

18  *$29,500.00 is disapproved.*  Should counsel desire to file a pleading under seal, further justifying

19  retention of this proposed investigator/expert demonstrating that this expert's proposed work

20  presents a colorable basis on which to find for petitioner on a claim(s), the court will reconsider.

21      Phase IV (Excludes Travel)

22          The court finds the first three categories – attending case management conferences

23  (6 hours), corresponding/consulting with petitioner (20 hours for lead counsel and 20 hours for

24  associate counsel), and consulting with co-counsel (20 hours for each counsel) to be reasonable

25  estimates.  In all probability, there will be an evidentiary hearing; such a hearing will necessitate

26  the corresponding and consulting indicated, even among counsel located in one spot.

1   The court divides the legal briefing categories into merits and discovery.  The

2   undersigned does not find extensive merits briefing prior to evidentiary hearing to be helpful, and

3   will not permit such.  Necessary legal briefing will be accomplished post-hearing, and in all

4   probability will be pinpointed.  Nevertheless, even pre-hearing, although no formal briefs are

5   prepared, good counsel may need to research legal issues in order for a cogent presentation of

6   facts to be made.  A few motions in limine may have to be made.  In addition, there may be some

7   legal briefing on the procedural AEDPA threshold issues on whether an evidentiary hearing can

8   be held in the first instance.

9   Thus, significant deductions will be made in the briefing categories.  The entire

10   *$30,250.00* for legal research/merits brief and response is disapproved.  All time requested for

11   legal research/prepare pre-hearings pleadings etc. is approved for the reasons set forth above.

12   Phase IV contemplates further discovery motions; however, all time for such

13   motions having been approved for Phase III, the court anticipates little motion practice with

14   respect to discovery issues in Phase IV.  A total of 40 hours only will be approved, broken down

15   by 10 hours for lead counsel, 10 hours for co-counsel and 20 hours for associate counsel.  Thus, a

16   total deduction of *$8,900.00* is made for this category.

17   Again, because the amount of discovery is hard to quantify at this time, the

18   prognosticated amounts for taking discovery in Phase IV appear reasonable.  This category will

19   be approved.

20   All recognize that evidentiary hearings, especially those including medical issues

21   require consultation with, and preparation of, experts.  The undersigned recognizes that the

22   "consult" time includes a gathering of appropriate exhibits and the like for expert review.  Yet

23   the total 300 hours requested (representing one lawyer doing nothing else for 7.5 weeks) is

24   excessive.  Recognizing that there is no precise way to pinpoint necessary

25   consultation/preparation, the court reduces lead counsel by 60 hours, co-counsel by 60 hours and

26   associate counsel by 60 hours.  That is, 120 hours of consult and preparation should be enough.

1   A total of *$26,700.00 is disapproved* leaving ***$17,800.00*** approved.

2        The court will permit two counsel for petitioner to be present at <u>hearing</u>.  Thus,

3   the 50 hours each predicted for appearances, including any post-hearing arguments, is a

4   conservative prediction, and may turn out to be a bit low.  The court will approve any necessary

5   appearance time in excess of what is predicted.

6        As recognized earlier, <u>post-hearing briefs</u> will be pinpointed to specific areas.

7   Thus, a total requested 200 hours for post-hearing briefing appears at the high end of reasonable.

8   Because the court cut merits briefing pre-hearing, the requested budget amount will be approved.

9   However, counsel must recognize that they should be able to "beat the budget" in this respect.

10       By this point (<u>judgment motions</u>), objections to rulings, or responses to

11  objections, should be a great deal of electronic cut and paste, as it is doubtful that petitioner will

12  need to replicate research already performed.  And, objections will already have been heard on

13  non-hearing issues – the vast majority of issues in the case.  After two separate sets of briefing on

14  hearing issues, the court finds too remote that any further motions for reconsideration will be

15  necessary.  Filing a certificate of appeal on issues should likewise not require much in the way of

16  new research and briefing.  Thus, the court will cut co-counsel's hours to 25.  The remainder of

17  the hours will be approved; *$4,000.00* will be deducted.

18       The court will approve the prognosticated time for <u>amending the Phase IV</u>

19  <u>budget</u>.

20       In sum, for Phase IV, non-travel, $202,810.00 was requested; *$69,850.00* was

21  deducted, ***$132,960.00 is approved***.

22      <u>Phase IV Travel</u>

23       Certainly, a pre-hearing conference will be held, and it is very possible that

24  another case management hearing may be held.  Moreover, the undersigned does not view four

25  trips to San Quentin, in preparation for an evidentiary hearing, to be excessive.  However, no

26  resource counsel is approved at this time, and the *$5,990.00* for those trips is disapproved.

Discovery travel is a reasonable estimate.  Trips to visit the client can be combined with expert consultations since all are located in Northern California; the 14 hours for lead counsel will be deducted (*$2,240.00*).  There will not be two evidentiary hearings, but there may well be an evidentiary hearing, and a hearing on objections/responses to objections.  Two trips will be approved.

In sum, $39,090.00 has been requested, *$8,230.00* has been disapproved, and ***$30,860.00 is approved***.

Expert and Investigator Request

As discussed at hearing, and for those reasons (the undersigned will not specify them in this public order due to work product concerns), the discussed psychologist request (the second of two) is deducted by one-half (*$9,000.00 deducted*).  Finally, the expert designated as TBD is disapproved in his/her entirety as the undersigned sees no reasonable possibility of success on the claim(s) pertinent to this expert.  However, if counsel can make a showing to the contrary, the undersigned will reconsider (*$18,000.00 is deducted*).  The remaining experts are reasonable both in hourly rate and estimated hours considering that these experts will need to finalize opinions, be prepared for depositions (probably), be prepared for evidentiary hearing and will appear at evidentiary hearing.

In sum, $78,000.00 was requested; *$27,000.00* is disapproved, and ***$51,000.00 is approved.***

Budget Summary for Phases III and IV

Counsel requested a total of $627,085.00.  The court disapproved (deducted) *$204,465.00*.  The court approves for Phases III and IV – a grand total of  ***$422,620.00***. The budget also anticipates costs for "miscellaneous expenses, e.g., postage, fax, computerized legal research and the like.  The court will approve an additional ***$5,000.00*** in this regard.

\\\\\

\\\\\

1        Miscellaneous

2                Assuming approval of this amended budget by the Capital Case Committee,

3    petitioner's counsel are ordered not to exceed this budget without prior approval by the court.

4                The logistical provisions relating to voucher preparation et al. in the previous

5    budget order are confirmed.  Counsel are reminded to submit timely vouchers.

6                This Amended Budget Order shall be served on the Ninth Circuit Capital Case

7    Committee by chambers.  The sealing order of the transcript of the October 20, 2006 hearing is

8    lifted only for the purpose of serving the capital case committee with a copy of the transcript.

9                *The Clerk shall otherwise file and serve this order without attachments.*

10                IT IS SO ORDERED.

11   DATED: 10/27/06

12                                          /s/ Gregory G. Hollows

                                           _____
13                                          GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
     GGH:gh:035
14   lewi0013.ambudg

15

16

17

18

19

20

21

22

23

24

25

26