UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MILTON OTIS LEWIS,

    Petitioner,

  v.

JEANNE WOODFORD, Warden,

    Respondent.

NO. CIV. S-02-0013 FCD GGH DP

DEATH PENALTY CASE

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent Jeanne Woodford's motion for reconsideration of the portion of the magistrate judge's Order and Findings & Recommendations ("Order"), filed January 23, 2007, which indicates that the remaining claims that have not been addressed by summary judgment will be subject to an evidentiary hearing.[1] For the reasons set forth below, respondent's motion for reconsideration is GRANTED.

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern District Local Rule 72-302.

## BACKGROUND[2]

On January 23, 2007, the magistrate judge issued an Order and Findings & Recommendations, addressing respondent's motion for summary judgment on selected claims. This was the second such motion brought in this case, and was supposed to be omnibus, i.e., every claim susceptible to summary judgment was to be noticed. (See Order at 8 n.1). The magistrate judge stated that this motion brought an end to law and motion on the merits prior to an evidentiary hearing. (Id. at 5). The magistrate judge found that no claims adjudicated in the motion needed to be resolved by an evidentiary hearing. (Id. at 8). However, he ordered that "[t]he remaining claims, i.e. those not adjudicated previously or in the motion," proceed to an evidentiary hearing, "except for those claims which are procedurally deficient under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], or shall otherwise be finally resolved after evidentiary hearing." (Id.)[3]

## STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a) and Eastern District Local Rule 72-303(f), a magistrate judge's order regarding non-dispositive pretrial motions shall be upheld unless "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); E.D. Cal. Local R. 72-303(f); see also 28 U.S.C. § 636(b)(1)(A)

---

[2] The court adopts the factual background set forth by the magistrate judge in his findings and recommendations. (See Order, filed Jan. 23, 2007, at 15-20).

[3] The magistrate noted that respondent will not be permitted to make another motion for summary judgment on the merits of the remaining claims.

2

("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Grimes v. San Francisco, 951 F.2d 236, 239-40 (9th Cir. 1991).  The order should be modified or set aside only if the reviewing court is left "'with the definite and firm conviction,' that the [magistrate judge's] key findings are mistaken."  Easley v. Cromartie, 532 U.S. 234, 243 (2001) (citation omitted).

## ANALYSIS

Respondent seeks reconsideration of the magistrate judge's decision that the claims which have not previously been adjudicated in the summary judgment motions (the "remaining claims") will proceed to an evidentiary hearing, absent respondent's opposition to such a hearing.  Respondent argues that the Order is mistaken and contrary to law in that it sets up a rebuttable presumption that the remaining claims warrant an evidentiary hearing based solely on the fact that those claims were not addressed in Respondent's prior cross-motion and motion for summary judgment.

The AEDPA provides, in relevant part:

(e)(1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, *the court shall not hold an evidentiary hearing on the claim unless the applicant shows that*

3

```
            (A)  the claim relies on –
                 (I)  a new rule of constitutional law,
                      made retroactive to cases on
                      collateral review by the Supreme
                      Court, that was previously
                      unavailable; or
                 (ii) a factual predicate that could not
                      have been previously discovered
                      through the exercise of due
                      diligence; and

            (B)  the facts underlying the claim would be
                 sufficient to establish by clear and
                 convincing evidence that but for
                 constitutional error, no reasonable
                 factfinder would have found the
                 applicant guilty of the underlying
                 offense.
```

28 U.S.C. § 2254 (2006) (emphasis added). Under the AEDPA, 28 U.S.C. § 2254(e), the district court's discretion to grant an evidentiary hearing is substantially restricted. Baja v. Ducharme, 187 F.3d 1075, 1077 (9th Cir. 1999); see Cardwell v. Greene, 152 F.3d 331, 336 (4th Cir. 1998) *overruled on other grounds by* Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000) ("[T]he AEDPA imposes an express limitation on the power of a federal court to *grant* an evidentiary hearing.") (emphasis in original). In order for a petitioner to be granted an evidentiary hearing, the district court must first determine whether a factual basis exists in the record to support the petitioner's claim.  If such a factual basis exists, then the court must examine the factors set forth by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 313 (1963).  Under Townsend, a petitioner is entitled to an evidentiary hearing if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair

4

>hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. at 313.  If a factual basis for the claim has not been developed in the state court, under the AEDPA, the petitioner may only be permitted an evidentiary hearing if he meets at least "one of the two narrow exceptions stated in the statute." Insyxiengmay v. Morgan, 403 F.3d 657, 670 (9th Cir. 2005).  It is petitioner's burden to demonstrate that the statutory requirements of the AEDPA governing evidentiary hearings have been met.  See id. at 669-71; Baja, 187 F.3d at 1077-78.

    The magistrate judge's Order does not address whether petitioner has demonstrated that he is entitled to an evidentiary hearing on all of the remaining claims.  The Order states that "[r]espondents will be permitted to oppose any evidentiary hearing on the grounds that the AEDPA precludes such."  (Order at 8).  Implicit in this ruling is that AEDPA requirements may not have been met by petitioner.  Thus, the magistrate judge's ruling turns on a presumption that petitioner is entitled to an evidentiary hearing.  However, an evidentiary hearing can *only* be permitted where the statutory requirements of the AEDPA have been met.  Therefore, respondent's motion for reconsideration of the magistrate judge's Order directing that the remaining claims should proceed to an evidentiary hearing, absent an opposing motion by respondent, is GRANTED.  To the extent that petitioner seeks an evidentiary hearing on any of his remaining claims,
/////

petitioner is directed to file a motion for such a hearing and provide respondent an adequate opportunity to respond.

IT IS SO ORDERED.

DATED: March 30, 2007.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE