IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILTON OTIS LEWIS,

          Petitioner,                    No. CIV S-02-0013 FCD GGH DP

    vs.                               **DEATH PENALTY CASE**

ROBERT AYERS, Warden

          Respondent.              <u>MEMORANDUM</u>

_____/

*Introduction and Summary*

        Petitioner was unsuccessful in his motion to be found incompetent and to stay these capital habeas proceedings on account thereof.  He thereupon "appealed" to the Ninth Circuit.  The issue here is the legal status of such an appeal, and if valid, the extent to which proceedings in the district court are stayed pending that appeal.  The undersigned finds that a petitioner may not appeal an adverse competency-to- proceed determination.[1]

*Facts*

        After proceeding in this capital habeas petition for years, petitioner's counsel

_____

[1]  An integral addition to a petitioner's motion to be declared incompetent in a capital habeas proceeding is a concomitant motion to stay proceedings which is automatically granted if incompetency to proceed is found.

1

1   submitted an affidavit in connection with petitioner's motion for evidentiary hearing which

2   indicated that petitioner was not only incompetent at the time of his trial (in the expert's

3   opinion), but that he was *presently incompetent as well*.  However, counsel brought no motion to

4   that effect.  In the course of working up the order on the evidentiary hearing motion, the

5   undersigned noted the expert's opinion on present incompetency, and pursuant to Ninth Circuit

6   law, <u>Rohan ex rel Gates v. Woodford</u>, 334 F.3d 803 (9th Cir. 2003), required counsel to either

7   move to stay on the basis of incompetency, or abandon the issue.  Counsel chose the former.

8         At that time, the undersigned ceased work on the merits of the evidentiary hearing

9   motion, and turned to the lengthy process involved in a competency hearing.  After allowing the

10   experts sufficient time to prepare for evidentiary hearing, and coordinating schedules and the

11   like, an evidentiary hearing was held.  The undersigned issued Findings and Recommendations

12   on the disputed evidence, finding petitioner competent to proceed in this capital habeas action.

13   The district judge, on *de novo* review, adopted the Findings and Recommendations.  The

14   undersigned then re-commenced work on the evidentiary hearing motion, and was approaching a

15   determination, when he observed in the docket that petitioner had filed a notice of appeal of the

16   competency decision.

17         Work on this seemingly endless evidentiary hearing motion again was halted

18   when the undersigned asked for the parties' positions on the interlocutory "appealability" of the

19   competency determination, and if it was appropriately appealed to the Ninth Circuit, the ability of

20   the district court to proceed with other matters while the appeal was pending.  Petitioner believed

21   the competency issue could be appealed under the collateral order doctrine; respondent asserted

22   that the competency determination was not a final order subject to appeal.

23   *Discussion*

24         The issue of whether a competency determination by the district court may be

25   appealed pursuant to the collateral order doctrine is governed by <u>United States v. No-Runner</u>, 590

26   F.3d 962 (9th Cir. 2009).  In that case, a defendant in a criminal case sought to appeal the trial

1  court's pre-trial determination that he was competent to stand trial.  The appeal was premised on

2  the collateral order doctrine, but the Ninth Circuit held that the collateral order doctrine would

3  not apply because the order finding him competent was not a final order: "Rather, the question of

4  competency remains open throughout the trial, and may be raised by the defendant, or by the

5  court, at any time."  Id. at 964.  The Ninth Circuit then dismissed the appeal for lack of subject

6  matter jurisdiction.  The issue here is indistinguishable in principle from No-Runner: the

7  competency determination herein is not a final order because it could always be revisited for

8  good cause prior to, or during, final proceedings leading to judgment.  See also United States v.

9  Sealed Appellant I, 591 F.3d 812, 823 (5th Cir. 2009) (cited by respondent) (finding juvenile

10  competent to stand trial not an appealable order);  Pierce v. Blaine, 467 F.3d 362 (3rd Cir. 2006)

11  (institutionalization of a presumably incompetent capital habeas petitioner for indefinite

12  examination/observation not appealable under the collateral order doctrine); Hitchcock v. Veal,

13  310 Fed.Appx. 121 (9th Cir. 2009) (denial of a stay motion in a habeas corpus action is viewed

14  as non-appealable).[2]

15  　　　　Petitioner argues that the rule involving the finality of a district court's denial of

16  appointment of counsel in a civil case, Bradshaw v. Zoological Society of San Diego, 662 F.2d

17  1301, 1306 (9th Cir. 1981), should apply here.  Not only is this argument inconsistent with the

18  on-point authority cited above, it also misses the mark.  In Bradshaw, the possibility that the

19  district court could later reconsider its decision upon request was not enough to keep the initial

20  order denying counsel as being considered final for purposes of the collateral order doctrine.

21  This is a far cry from the situation here.  If petitioner in this case were to later make a colorable

22  showing of changed circumstances, e.g., that petitioner had reverted to the condition observed by

23  Dr. Stewart when the doctor first met petitioner, the undersigned would be *mandated* by Ninth

24  Circuit precedent to once again halt proceedings and consider the changed circumstances in a

25
26  　　[2]  The case may not be cited for precedent, but it is instructive as to how denials of
motions to stay in habeas actions are viewed.

3

1    motion to stay proceedings.  Petitioner does not (and will not) argue to the contrary.

2          There is no doubt that if the district court is later found incorrect on its decision

3    not to presently stay the proceedings, there will be the necessity of repeat proceedings.  There is

4    no doubt in the context of a criminal trial that if the trial court is later found incorrect on its

5    competency assessment refusing to stay proceedings, an appeal reversing the decision after trial

6    will without doubt result in repeated proceedings. Yet, the competency decision is not considered

7    final there, and should not be here.

8          Moreover, the two cases in the Ninth Circuit involving "appeals" from

9    competency determination issues in capital habeas actions were not appeals as of right, or made

10   pursuant to the collateral order doctrine.  Rohan supra, was an interlocutory order certified by the

11   district court under 28 U.S.C. § 1292(b); In re Gonzales, __F.3d__, 2010 WL 4104722 (9th Cir.

12   2010), was an accepted writ of mandamus.  While these cases did not discuss the collateral order

13   doctrine, it only makes sense that if such were available, the panels would have so noted as

14   courts always examine their own jurisdiction.

15         There is one line of analogous authority which initially appears to support

16   petitioner's position, but on further review does not.  In ordinary civil actions, a *granting* of a

17   motion to stay is appealable under 28 U.S.C. § 1291 or under the collateral order doctrine

18   because a stay of proceedings may "effectively [put the opposing party] out of court."

19   Dependable Highway Exp. v. Navigation Ins. Co., 498 F.3d 1059, 1063 (9th Cir. 2007).

20   However, the *denial* of a motion to stay does no such thing; indeed, the opposite – the party

21   opposing the motion is able to effectively *remain* in court if the motion is denied.  In any event,

22   this general authority regarding stays and appeals in civil cases does not abrogate the specific, on

23   point competency determination authority refusing to find such decisions appealable.

24         Finally, there is inefficiency, and even potential injustice, if the court were to

25   presently hold in abeyance the district court proceedings while an interlocutory appeal would

26   wind its way through the appellate court.  This case is near a decade old in the district court

4

1   alone.  If we are to ever hold an evidentiary hearing, it behooves all not to make the evidence to

2   be produced staler than it already is.  In a previous capital habeas adjudicated by the undersigned,

3   important witnesses were no longer living at the time of evidentiary hearing.  It is best not to

4   delay proceedings herein such that such a similar circumstance is repeated in this case.  In

5   addition, the undersigned has already spent much extra time after the delay occasioned by the

6   district court competency hearing getting up to speed on the issue of ordering an evidentiary

7   hearing.  That inefficiency will be doubled if yet another long term delay is imposed in turning to

8   the issues presented by the evidentiary hearing motion.

9           Finally, if petitioner is determined to seek to delay these proceedings in the district

10   court further, he can seek to test the matter of  the collateral order doctrine on a motion before the

11   Ninth Circuit and/or seek a stay from that court.

12           Accordingly, because the competency decision of this court along with a denial of

13   the motion to stay is not final, and hence not appealable under the collateral order doctrine, the

14   undersigned has jurisdiction to continue to adjudicate the evidentiary hearing motion.[3]

15   Dated:   10/26/2010

                                /s/ Gregory G. Hollows

16                              _____

17   GGH:gh - lewis0013.memo      UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23   _____

24        [3]  The undersigned will not, therefore, engage in an analysis of whether the district court
     has jurisdiction to proceed on the merits assuming the district court order on competency
25   appealable, or a writ of mandamus had been accepted by the Ninth Circuit.  Moreover, the
     undersigned would not recommend to the district judge that the competency order be certified for
26   appeal under 28 U.S.C. § 1292(b), if and when such a request were to be made.

                                5