1
2
3
4                        UNITED STATES DISTRICT COURT
5                        EASTERN DISTRICT OF CALIFORNIA
6
7
8
9   MILTON OTIS LEWIS,                    )
10           Petitioner,                  )    CASE NO. CIV 02-13 KJM GGH DP
11           vs.                          )                ORDER
12  ROBERT AYERS, Warden,                 )
13           Respondent.                  )
14  _____/    )

15          *Introduction and Summary*

16          Perhaps no other law has generated more interpretive fits and starts than AEDPA,[1]

17  and perhaps, no capital case has thereby undergone more fits and starts than this case.  The issue

18  here, the holding of an evidentiary hearing and the extent of permissible discovery in a habeas

19  corpus action, seemingly once settled, has been upset by the AEDPA ruling of Cullen v.

20  Pinholster, __U.S.__, 131 S.Ct. 1388 (2011).  Although Cullen specifically dealt with evidentiary

21  hearings, its linkage to the discovery issue presented here is unquestionably present.  And much

22  as petitioner would like to read Cullen as having no real effect on a petitioner's right to an

23  evidentiary hearing in federal habeas, or in turn, discovery for presentation of facts at evidentiary

24  hearing, the case is remarkable for its restrictions on such.  Cullen is not merely an idiosyncratic,

25  _____

26          [1]Antiterrorism and Effective Death Penalty Act; the specific statutory section involved in the
    analysis is 28 U.S.C. § 2254.

                                        1

1   wholesale affirmation of the <u>Townsend</u> formula for development of facts in federal habeas.

2          With some reluctance because of having undergone the lengthy proceedings

3   which led to this court's order regarding an evidentiary hearing, the court cancels the hearing,

4   and will ask for supplemental briefs on the merits for the issues which were heretofore part of the

5   scheduled hearing

6          *Procedural Posture*

7          Presently pending is the evidentiary hearing set to be conducted on September 26,

8   2011.  Respondent has summarized the status of the issues which were to be heard, and the

9   undersigned adopts that summary absent any included argument.

10  This Court has ordered an evidentiary hearing [Dkt. 160] on claims 10, 11, 12, 13,
    14, 15(b), 16(a), 16(c), 16(g), 16(i), 27(a), 27(b), 27(c), 27(d), 27(e), 27(f), 27(g),
11  27(h), 27(i), 27(j), and 27(k) of Petitioner's First Amended Petition [Dkt. 44.] The
    record shows that each of these claims was denied on the merits by the California
12  Supreme Court:

13  Claim 10 ("Law Enforcement Wilfully Violated Petitioner's Right Against Self-
    Incrimination by Knowingly Interrogating Him While He was Undergoing Withdrawal
14  From Alcohol and Methamphetamine and Unable to Knowingly, Intelligently and
    Voluntarily Waive His Right to Remain Silent"): Presented to California Supreme Court
15  on November 3, 1998, in1 SHC, his petition to that Court in case S074511, at page 21 et
    seq. Denied by that Court "on the merits for failure to state a prima facie case for relief"
16  on October 24, 2001, in 1 SHC.ORD.

17  Claim 11 ("Petitioner's Confession Was Involuntary"): Presented to California
    Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case
18  S074511, at page 23 et seq. Denied by that Court "on the merits for failure to state
    a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.
19
    Claim 12 ("Ineffective Assistance of Counsel for Failure to Move to Suppress
20  Petitioner's Unlawful Confession"): Presented to California Supreme Court on
    November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 18
21  et seq. Denied by that Court "on the merits for failure to state a prima facie case for
    relief" on October 24, 2001, in 1 SHC.ORD.
22
    Claim 13 ("Petitioner was Incompetent to Waive Rights, Assist Counsel, and Stand
23  Trial"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his
    petition to that Court in case S074511, at page 24 et seq. Denied by that Court "on
24  the merits for failure to state a prima facie case for relief" on October 24, 2001, in
    1SHC.ORD.
25
    Claim 14 ("Petitioner Lacked the Requisite Mental State for Felony-Murder or the
26  Alleged Special Circumstances"): Presented to California Supreme Court on November 3, 1998,

in1 SHC, his petition to that Court in case S0745 11, at page 32 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 15(b) ("Ineffective Assistance of Counsel re Failure to Adequately Investigate the Facts of the Case Prior to Trial and Failure to File Any Motions"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 40 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 16(a) ("Ineffective Assistance of Counsel re Failure to Investigate Petitioner's Mental State at the Time of the Charged Crime, His Arrest, His Confession and During his Subsequent Incarceration"): Presented to California Supreme Court on November 3, 1998, in1 SHC, his petition to that Court in case S074511, at page 43 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 16(c) ("Ineffective Assistance of Counsel re Failure to Investigate and Present Meritorious Guilt Phase Defenses Re Petitioner's Mental Condition at the Time of the Offense"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 46 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 16(g) ("Ineffective Assistance of Counsel re Failure to Investigate and Present Evidence of Petitioner's Incompetence to Stand Trial"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 53 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 16(i) ("Ineffective Assistance of Counsel re Failure to Investigate and Present Evidence of Accomplice Liability, Consult Experts, Conduct Voir Dire, Attack Forensic Evidence, Present Incompetency Evidence, and Object to Inadmissible and Inaccurate Testimony"): Presented to California Supreme Court on November 3, 1998, in 1 SHC, his petition to that Court in case S074511, at page 58 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 27(a) ("Ineffective Assistance of Counsel re Guilt Phase Incapacity and Penalty Phase Mitigation Evidence"): Presented to California Supreme Court on November 3, 1998, in 1 SHC, his petition to that Courtincase S074511, at page 84 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 27(b) ("Ineffective Assistance of Counsel re Failure to Investigate, Mitigate, or Challenge the Evidence Used in Aggravation Against Petitioner"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 96 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 27(c) ("Ineffective Assistance of Counsel in Failing to Conduct Any

Investigation of Mitigating Circumstances and to Present Any Evidence at the Penalty Phase"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at pages 109 and 116 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 27(d) ("Ineffective Assistance of Counsel re Failure to Investigate or Present Mitigating Evidence Regarding Petitioner's Family Relationships"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 109 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 27(e) ("Ineffective Assistance of Counsel re Failure to Investigate and Present Evidence of Petitioner's Positive Character Traits and Attempts to Overcome the Appalling Circumstances of His Youth"): Presented to California Supreme Court on November 3, 1998, in 1 SHC, his petition to that Court in case S074511, at page 116 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 27(f) ("Ineffective Assistance of Counsel re Failure to Contact [sic] or Present Prison Adjustment Evidence"): Presented to California Supreme Court on November 3, 1998, in 1 SHC, his petition to that Court in case S074511, at page 121 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1 SHC.ORD.

Claim 27(g) ("Ineffective Assistance of Counsel at Penalty Phase During Closing Argument"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 124 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 27(h) ("Ineffective Assistance of Counsel in Presenting a Penalty Phase Argument of Only Two Transcipt Pages in Which Counsel Failed to Ask that His Client's Life be Spared"): Presented to California Supreme Court on November 3, 1998, in 1SHC, his petition to that Court in case S074511, at page 124 et seq. Denied by that Court "on the merits for failure to state a prima facie case for relief" on October 24, 2001, in 1SHC.ORD.

Claim 27(i) ("Counsel's Failure to Present Evidence at the Penalty Phase Prejudiced Petitioner, Particularly Where it was Coupled with Improper Jury Instructions and Argument by the Prosecutor").... Petitioner previously presented this precise prejudice argument to the California Supreme Court on May 16, 1997, in AOB, his opening brief on appeal to that Court in case S018665, at pages 84-86. Denied by that Court on May 17, 2001, in APP.OPN. See Lewis, 25 Cal. 4th at 674-76.

Claim 27(j) ("Counsel's Failure to Present Evidence at the Penalty Phase Prejudiced Petitioner Because It Rendered the Trial Fundamentally Unfair and Unreliable")....Petitioner previously presented this precise prejudice argument to the California Supreme Court on May 16, 1997, in AOB, his opening brief on appeal to that Court in case S0 18665, at pages 86-89. Denied by that Court on

1   May 17, 2001, in APP.OPN. See Lewis, 25 Cal. 4th at 674-76.

2   Claim 27(k) ("There is No Rational, Strategic Purpose for Trial Counsel's
Omissions").... Petitioner previously presented this precise deficiency argument to
3   the California Supreme Court on May 16, 1997, in AOB, his opening brief on appeal to that Court
in case S018665, at pages 89-90. Denied by that Court on May 17, 2001, in APP.OPN. See Lewis,
4   25 Cal. 4th at 674-76.

5

6   The undersigned asked for supplemental briefing due to the recently announced

7   case of Cullen v. Pinholster, __U.S.__, 131 S.Ct. 1388 (2011), due to the undersigned's initial

8   reading of the case which appeared to preclude evidentiary hearing at least until the court had

9   performed a (d)(1)  adjudication on the record before the state court.[2]  The parties timely supplied

   such.

10   Discussion

11   A. The Cullen Case

12   Cullen was decided on April 4, 2011.  The majority holding on the propriety of

13   evidentiary hearings, with five justices joining in the majority opinion, provided: "We now hold

14   that review under § 2254(d)(1)[3] is limited to the record that was before the state court that

15   adjudicated the claim on the merits."  Cullen at 1398.  Further emphasis for the holding appears

16   throughout the opinion: "[E]vidence introduced in federal court has no bearing on § 2254(d)(1)

17   review."  See also: "[E]vidence later introduced in federal court is irrelevant to § 2254(d)(1)

18

19

20

21   [2]Petitioner is in error when he argues that (d)(2) is applicable herein because the state court
made no factual determinations underlying its legal ruling.

22

23   [3] 28 U.S.C. § 2254(d) provides: (d) An application for a writ of habeas corpus on behalf of
a person in custody pursuant to the judgment of a State court shall not be granted with respect to any
24   claim that was adjudicated on the merits in State court proceedings unless the adjudication of the
claim–
25   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme Court of the United States; or
26   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

1  review." Id.  There is no ambiguity in these holdings.[4]

2      In the course of adjudicating the subsection (d)(1) issue, the Supreme Court was

3  *unanimous* in its discussion that § 2254(d)(2) (see footnote 3 above) was clear in limiting the

4  evidence on review to that put before the state courts.  The dissent viewed the explicit reference to

5  the § 2254(d)(2) [review of state court decisions based on an unreasonable factual determination]

6  as a reason to distinguish its explicit language limiting review to the *state court record*[5] to the

7  situation presented by (d)(1) which did not contain the explicit language.  Cullen (dissent) at

8  1415-1416.  In answering this point, the majority agreed that the explicit language of (d)(2) made

9  that section easy to interpret as precluding federally developed evidence, but held that the explicit

10  language did not mean that (d)(1) was open to any and all federally developed evidence.  Id. at

11  1400 (n.7) (emphasis added):

12
13      Pinholster and Justice SOTOMAYOR place great weight on the fact that §
    2254(d)(2) includes the language "in light of the evidence presented in the State
    court proceeding," whereas § 2254(d)(1) does not. See post, at 1415 - 1416. The
14      additional clarity of § 2254(d)(2) on this point, however, does not detract from our
    view that § 2254(d)(1) *also* is plainly limited to the state-court record.

15
16  The undersigned repeats for emphasis: "§ 2254(d)(1) *also* is plainly limited to the state-

17  record."  Clearly the word "also" means that *both* §§ 2254(d)(1) and 2254(d)(2) are limited to the

18  state court record where the state court made an "adjudication on the merits," § 2254(d).  There

19  can be no other meaning placed on the word "also" as it can only indicate both subsections.[6]

20      Petitioner asserts that Cullen made no holding on whether § 2254(e)(2) would

21  preclude or allow an evidentiary hearing.  While that statement is technically correct, Cullen

22
    [4] See Johnson v. Walker, 2011 WL 1668970 (E.D. Cal. 2011); Riofta v. Pacholke, 2011 WL
23  1990626 (W.D. Wash. 2011).

24      [5] "in light of the evidence presented in the State court proceeding"

25      [6] Therefore, the undersigned need not engage in the analysis which petitioner adopts asserting
that nearly every claim can be either stated alternatively as a (d)(1) claim or a (d)(2) claim, and
26  further federal factual development could be allowed for a (d)(2) claim as opposed to a (d)(1) claim.

1    unmistakably views §  2254(e)(2) as an additional *limitation* on evidentiary hearings when they

2    are otherwise permitted, not as a free standing grant for wholesale evidentiary hearings.  Cullen at

3    1401.

4            Thus, in habeas cases where the state courts had made an "adjudication on the

5    merits" with respect to particular issues, previous rulings by the circuit and district courts

6    permitting federal factual development on such issues prior to a resolution of those issues initially

7    on the state court record have been abrogated.[7]

8            The only suggestion put forth by petitioner to overcome the plain meaning of the

9    Cullen holding, is the truism that district courts always maintain "discretion" to order an

10   evidentiary hearing, citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).  This suggestion

11   misconceives the nature of judicial discretion as unbounded, subject only to the views or whims of

12   the deciding judge.  Discretion remains bounded by the law on the subject, and when that law

13   indicates that a federal evidentiary hearing may not be held, at least until the federal court issues a

14   determination of whether the state court's ruling on the merits was AEDPA unreasonable, as

15   Cullen surely does, a judge abuses his or her discretion by ignoring the law.  See FCC v. Fox

16   Television Stations, Inc., --- U.S. ----, 129 S.Ct. 1800, 1830 (2009) (Breyer dissenting) (observing

17   that "American courts have followed a venerable legal tradition, stretching back at least to the

18   days of Sir Edward Coke" that "discretion" be "limited and bound with the rule of reason and

19   law" (internal citations and quotation marks omitted)).  See also Pacific Indemnity Co. v. Atlas

20   Van Lines, Inc., __F.3d__, 2011 WL 1486069 *5 (9th Cir. 2011) ( if district court discretion is

21   based on an erroneous interpretation of the law, it cannot stand).  Thus, while it is clear that

22

23           [7] Evidentiary hearings are not precluded for issues which have *not* been decided on the merits
     in state court.  For example, where the issue had been decided in state court on procedural grounds,
24   or where the federal issue had not been fully reached because of a threshold, substantive legal error,
     the limitations of (d)(1) and (d)(2) do not apply.  However, generally, (d)(2) claims by their very
25   nature have had rulings on the merits because by definition these type of claims have had a factual
     finding made on evidence presented to the state courts.  The undersigned will further discuss the
26   procedure to be followed for (d)(2) claims in the text.

1  ordering an evidentiary hearing is a task within the discretion of the court, <u>Schiro v. Landrigan</u>,

2  that discretion is exercised within the constraints of statutory and case law.

3         Nor will an assertion – that because the state record was incomplete, there was no

4  adjudication on the merits – operate to avoid the <u>Cullen</u> holding.  <u>Atkins v. Clarke</u>, __F.3d__,

5  2011 WL 1419127 (1st Cir. 2011).  An adjudication on the merits is just that regardless of one's

6  view on the completeness of the record on which the ruling was made.

7         Because all of the claims at issue here were decided on the merits in state court

8  proceedings, no evidentiary hearing is appropriate on any of the claims set forth above at this

9  time.

10                    B.  <u>Cullen's Application to Habeas Discovery</u>

11         Petitioner was given permission to conduct discovery on those claims which had

12  been scheduled for evidentiary hearing.   However, the <u>Cullen</u> holding precludes discovery as well

13  for those claims on which an evidentiary hearing may not be held.  Petitioner might argue that

14  whatever the holding of <u>Cullen</u> with respect to evidentiary hearings, that holding has nothing to do

15  with the ability of the court to order federal discovery in habeas corpus.  Nonetheless, if such an

16  argument were to be made, petitioner could not answer the inexorably related question of – why

17  permit discovery if it cannot be used?  Put another way, how could a district court ever find good

18  cause for federal habeas discovery, <u>Bracy v. Gramley</u>, 520 U.S. 899, 904, 117 S.Ct. 1793 (1997),

19  if it could not be put to use in federal court at an evidentiary hearing or otherwise.  <u>See</u> <u>Kemp v.</u>

20  <u>Ryan</u>, 2011 WL 1585598 *13 (9th Cir. 2011) ("Because Kemp is not entitled to an evidentiary

21  hearing, the district court did not err in denying his request for discovery, as well as his request for

22  a hearing.  First, because the district court was not authorized to hold an evidentiary hearing on

23  Kemp's deliberate elicitation claim, obtaining discovery on that claim would have been futile.")

24         In sum, the undersigned will not exercise discretion to afford petitioner the

25  opportunity to develop facts which would be precluded from presentation at a federal evidentiary

26  hearing – at least initially.

C.  Further Proceedings After Cullen

If a habeas claim has been adjudicated on the merits by a state court, and further factual development is precluded, at least initially until the court makes a (d)(1), (d)(2) ruling, where does Cullen take the parties now?  There are two possibilities: the petitioner does not, or does, prevail on an issue.  Taking the first possibility, not prevailing, the path is easily discernible – it ends with the ruling.  This is neither untoward nor unfair.

In state habeas practice, as well as federal, notice pleading is *not* the rule.  A petitioner in California must set forth facts constituting a prima facie case of error, In re Clark, 5 Cal. 4th 750, 770, 781, 21 Cal. Reptr. 2d 521-22, 529 (1993), and for federal habeas purposes, he must allege specific facts demonstrating the "real possibility" of constitutional error.  Calderon v. USDC (Nicolaus), 98 F.3d 1102, 1109 (9th Cir. 1996).   In neither system may a petitioner seek to use habeas discovery or evidentiary hearings as a "fishing expedition for habeas petitioners to explore their case in search of its existence." (internal quotation marks omitted).  Kemp v. Ryan, __F.3d__, 2011 WL 1585598 *13 (9th Cir. 2011).  For example, a petitioner could not simply assert that defense counsel had a conflict, or even that defense counsel's prior representation of a witness created a conflict, and then ask for full discovery or evidentiary hearing to substantiate such a speculative claim.  Rather, petitioner would need to spell out, and submit, to the best of his ability, the specific facts underlying the claim.  If these facts are insufficient, that is where the resolution of the issue remains.  If the state courts determine that further factual development is necessary, and/or that an evidentiary hearing is necessary, the state courts may, of course, do so.  However, federal habeas is not a process where a petitioner can keep his criminal case alive by the incessant pleading and discovery of "what if" claims.

> No effective judicial system can afford to concede the continuing theoretical possibility that there is error in every trial and that every incarceration is unfounded. At some point the law must convey to those in custody that a wrong has been committed, that consequent punishment has been imposed, that one should no longer look back with the view to resurrecting every imaginable basis for further litigation.....

Schnecloth v. Bustamonte, 412 U.S. 218, 262, 93 S.Ct. 2041 (1973) (Powell, J. concurring).

The same holds true for a (d)(2) issue.  A petitioner's lament – let me retry this factual issue until it comes out my way, and give me unlimited discovery to adduce more facts beforehand – would bankrupt the justice system if permitted.  If a petitioner has lost the factual issue after a fair hearing in state court which tested the issue, that is, and should be, the end of the matter.

With respect to the second possibility, petitioner prevails on a (d)(1) issue by virtue of his factual submissions, a different result obtains.  The facts presented by petitioner to the state courts in a (d)(1) setting are generally presumed true by the state courts,[8] and a ruling is made on the presumed facts.  (If the state court has taken facts from respondent, and demonstrates that it has made a ruling on the combined factual presentations, the issue is no longer a (d)(1) issue, but (d)(2)).  If a federal court finds that the (d)(1) state court ruling is AEDPA unreasonable, it has not found the accuracy of the facts on which the ruling is made; rather, the federal court has likewise assumed the validity of the facts.  It would be inappropriate to issue a final federal ruling with the accuracy of the facts never having been tested.  It is at this time that the federal court would permit discovery to corroborate/negate the presumed facts, if otherwise appropriate, and all facts presented by all parties would be considered.

In the above sense, Cullen is not so respondent friendly as a superficial look might indicate.  A capital case petitioner will generally present a myriad of facts to the state courts; seldom is the Attorney General asked to respond, or if an informal response is made, a

---

[8] Cullen, 131 S.Ct. at 1402 n.12 citing People v. Duvall, 9 Cal. 4th 464, 474, 37 Cal. Rptr. 2d 259 (1995).  If, however, the federal court found the facts as stated palpably incredible, the decision would be made without any presumption of correctness as to those facts.  Id.  This proposition is not in dispute.  As petitioner briefs, a ruling on the facts presented by a petitioner means: (1) factual allegations (but not conclusory allegations) were accurate; (2) factual disputes presented by respondent, if any, were resolved in petitioner's favor; (3) reasonably specific factual proffers constitute facts.  Also, reasonable factual inferences (as opposed to speculative ones) are drawn in favor of petitioner.  See Petitioner's Supplemental Briefing at 30.

1    determination on the facts presented by petitioner is still often the rule.  Thus, the entirety of the

2    state court record presented to the federal courts is often one-sided.  It may well be that petitioner

3    will lose the ultimate legal battle, but petitioner does have a reasonable chance on the slanted

4    record to initially prevail on a (d)(1) issue.

5           Little authority at present supports this common sense conclusion that an

6    evidentiary hearing must await an initial federal determination on the (d)(1) issues because <u>Cullen</u>

7    has been so recently announced.  But common sense dictates that the undersigned has chosen the

8    appropriate path.  <u>See</u> <u>Hearn v. Ryan</u>, 2011 WL 1526912 (D. Ariz. 2011).

9           The same holds true for a (d)(2) hearing; if it can be said that the state court factual

10   determination on which a merit's determination was based is AEDPA unreasonable,[9] even after

11   affording a presumption of correctness to the state factual determination, then, and only then,

12   should the federal courts retry the factual issue after affording an appropriate opportunity to

13   develop all pertinent facts.[10]

14          Thus, an evidentiary hearing in this case is ultimately not out of the question,

15   especially for Claim 27.   If the undersigned were to find that this issue, or any other issue, was

16   decided  AEDPA unreasonably on the present state court record, including any facts presented on

17   state habeas petitions, petitioner would be afforded an opportunity to conduct any discovery

18   desired, and would be permitted an evidentiary hearing to prove up those facts proffered to the

19   state courts.  The hearing would not be a one-sided affair; respondent would be entitled to marshal

20

21

22          [9]Petitioner may well have supplemented facts presented to the state courts on a factual matter.

23          [10]None of the issues which had been scheduled for evidentiary hearing in this case are (d)(2)
24   issues.  In any event, it will be very seldom that a (d)(2) issue would require further development in
     federal court in that the facts were developed at a state hearing.  Although it is possible that new facts
     might be found after the state factual hearing, § 2254(e) presents a substantial hurdle to the
25   presentation of such facts as petitioner will have to demonstrate why the "new" facts were not
     presented in state court.   Even if petitioner can show the required diligence, the new facts may so
26   potentially change the outcome, that further exhaustion will be required.

1 and present facts to counter the showing made by petitioner.[11]

2       D.  <u>The Schedule To Be Followed Now</u>

3       Clearly, <u>Cullen</u> changes the way habeas corpus, and capital habeas corpus, should

4 be scheduled.  It is now clear that the federal courts should issue initial adjudications on those

5 issues decided *on the merits* in state court, *on the state court record*, prior to further federal

6 factual development either by discovery or evidentiary hearing.

7       *Conclusion*

8       The previously ordered evidentiary hearing (September 26, 2011) is canceled

9 without prejudice to its re-institution depending on the (d)(1) initial determinations by the

10 undersigned.  No discovery shall take place without further order of the court.  Supplemental

11 briefing shall be submitted, if desired, on the schedule set forth by the undersigned.

12       Accordingly, petitioner shall submit whatever briefing on the issues heretofore

13 scheduled for evidentiary hearing, supplemental to that provided previously for resolution of the

14 evidentiary hearing motion, that petitioner desires to file **within thirty days from the filed date**

15 **of this order.**  Respondent shall file a response/opposition **thirty days after service of**

16 **petitioner's supplemental briefing.**  No reply is necessary.  The court will expeditiously make

17 (d)(1) determinations on the issues previously scheduled for evidentiary hearing, and will then

18 order what further proceedings are appropriate.  If petitioner prevails on a claim(s), the

19 undersigned will permit further factual development as appropriate.

20 DATED: June 7, 2011

21       /s/ Gregory G. Hollows

22       _____
      GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

23 GGH

24 _____

25 [11]In his supplemental briefing, respondent demurred to conducting an evidentiary hearing on
its positions regarding the evidentiary hearing claims.  However, the undersigned understood this
statement as respondent's position prior to the determination by this federal court on the AEDPA
26 reasonableness of the state determinations made on the merits.