UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTON OTIS LEWIS,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden, San Quentin State Prison,<br><br>    Respondent. | No. 2:02-cv-0013-TLN-EFB<br><br>**DEATH PENALTY CASE**<br><br>ORDER REQUIRING FURTHER BRIEFING |

## Introduction

It appears from a review of the court's docket and the parties' various filings, that respondent has not yet addressed the merits of petitioner's claims 4, 5, 6, 9, 14, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 30, 31, 32, 69, 70, 102 and 103. Rather, as discussed below, the parties entered into a stipulation, approved by the previously assigned magistrate judge, which provided that respondent would simply file "an abbreviated answer to Petitioner's Amended Petition for Writ of Habeas Corpus." ECF Nos. 54 and 55. It further specified that "[t]he abbreviated answer will consist of a general denial that Petitioner is entitled to relief and will not address the particular merits of the claims. It will simply set forth the affirmative defenses (e.g., procedural default, lack of exhaustion and statute of limitations) that may apply to any claim for the purpose of asserting and preserving those defenses. Petitioner will not be required to file a traverse." ECF

1

No. 55 at 1. The result is that the above-referenced claims have not been briefed on the merits. Accordingly, the court orders further briefing.

**Relevant Procedural Background**

On December 13, 2004, petitioner filed a first amended petition for writ of habeas corpus; a total of 103 claims were asserted. ECF No. 44.

On February 2, 2005, petitioner filed a motion for partial summary judgment as to claims 1, 2, 3 and 7, or in the alternative, for an evidentiary hearing regarding those claims. ECF No. 45. Ultimately a hearing was set on the motion for May 26, 2005. ECF No. 49.

Respondent filed an opposition to the motion for summary judgment and cross-motion for summary judgment on claims 1, 2, 3 and 7 on May 10, 2005. ECF No. 50. Following petitioner's reply, ECF No. 52, the hearing on the motion was held, and the matter was taken under submission, ECF No. 53.

Thereafter, on June 8, 2005, by stipulation of the parties and order of the court, respondent was directed to file an "abbreviated answer" to the petition that consisted of a "general denial" and did "not address the particular merits" of the claims, but rather set forth the affirmative defenses. Further, respondent was directed to file a motion for summary judgment addressing those claims raised on direct appeal to the California Supreme Court, and petitioner would respond, within certain agreed upon time frames. ECF No. 55.

On July 12, 2005, findings and recommendations were issued wherein the previously assigned magistrate judge recommended partial summary judgment be granted to respondent on claims 1, 2, 3 and 7; he further recommended summary judgment be denied on petitioner's motion. ECF No. 56. Objections and a reply followed. ECF Nos. 57-58.

On August 24, 2005, respondent filed its "abbreviated answer" to the amended petition wherein a general denial as to all claims was asserted and particular claims were identified as unexhausted (claims 7, 26 and parts of claims 1, 2, 3 and 27) or procedurally barred (claims 1, 2, 3, 4, 5, 8, 15c-d, 16 a-e, 17, 18, 19, 20, 21, 30, 31, 32, 40, 41, 44, 55, 56, 58, 77, 80, 81, 85, 91, 92, 93 and part of 103); the "abbreviated answer" did not address the merits of any claim. ECF No. 61.

| | |
|---|---|
| 1 | Shortly thereafter, on August 31, 2005, respondent filed a motion for summary judgment |
| 2 | of claims 8, 25, 29, 33 through 68, and 71 through 101.  ECF No. 63. |
| 3 | On October 14, 2005, the district judge adopted the earlier findings and recommendations, |
| 4 | and denied petitioner's motion for partial summary judgment.  ECF No. 65. |
| 5 | Petitioner filed his opposition to respondent's motion for summary judgment, and cross |
| 6 | moved for summary judgment regarding certain claims (numbers 33, 36-43, 46-65, 67, 71-85, 87- |
| 7 | 88, 91-93, 98-99 & 101) on December 27, 2005.  ECF No. 69.  Following related briefing, ECF |
| 8 | Nos. 72 & 75, on April 27, 2006, a hearing was held on the motion and cross-motion, and the |
| 9 | matter was submitted for decision.  ECF No. 76. |
| 10 | On January 23, 2007, the previously assigned magistrate judge issued findings and |
| 11 | recommendations wherein he recommended summary judgment on all identified claims be |
| 12 | granted to respondent, and that the remaining claims (claims 10-14, 15b, 16a, 16c, 16g & 27) |
| 13 | were to be adjudicated after an evidentiary hearing.  ECF No. 84. |
| 14 | On February 26, 2007, respondent moved for reconsideration by the district court of a |
| 15 | portion of those findings; more particularly, that portion concerning the remaining claims to be |
| 16 | adjudicated.  ECF No. 90. |
| 17 | Petitioner filed objections to the findings and recommendations on March 13, 2007.  ECF |
| 18 | No. 93. |
| 19 | On March 30, 2007, the then assigned district judge ruled on respondent's motion for |
| 20 | reconsideration, ordering in pertinent part: "respondent's motion for reconsideration of the |
| 21 | magistrate judge's Order directing that the remaining claims should proceed to an evidentiary |
| 22 | hearing, absent an opposing motion by respondent, is GRANTED.  To the extent that petitioner |
| 23 | seeks an evidentiary hearing on any of his remaining claims petitioner is directed to file a motion |
| 24 | for such a hearing and provide respondent an adequate opportunity to respond."  ECF No. 96. |
| 25 | Thereafter, on May 4, 2007, petitioner filed a motion for evidentiary hearing.  ECF No. |
| 26 | 103. |
| 27 | ///// |
| 28 | ///// |

On June 14, 2007, a hearing was held on the motion for evidentiary hearing and petitioner was directed to file certain declarations and respondent was directed to submit further briefing regarding the burden of proof re § 2254(e)(2). ECF No. 109. Those directives were complied with by the parties. ECF Nos. 113, 116, 118-120.

On January 11, 2008, the district court adopted the January 23, 2007 findings and recommendations and granted summary judgment to respondent on the claims raised and addressed. ECF No. 122.

Subsequently, on November 8, 2010, the previously assigned magistrate judge ordered an evidentiary hearing be conducted regarding claims 10 through 14, 15b, 16a, 16c, 16g, 16i and 27. ECF No. 160. The hearing was scheduled to take place on September 26, 2011. ECF No. 163.

However, before the hearing could take place, in April 2011 the United States Supreme Court decided *Cullen v. Pinholster*, 563 U.S. 170 (2011), and the evidentiary hearing was canceled; the parties were ordered to submit supplemental briefing on those issues that would have been decided at the evidentiary hearing if desired. ECF No. 175. The parties then submitted the supplemental briefing concerning those claims. ECF Nos. 179 & 182.

**Conclusion and Order**

Because it was agreed that respondent would file an "abbreviated answer" to the petition that did not address the merits of any claim, and because the supplemental briefing that occurred following the canceled evidentiary hearing only addressed the merits of those claims that were to be the subject of the hearing, a number of claims asserted in the amended petition for writ of habeas corpus remain unanswered as to their merits. More specifically, claims 4, 5, 6, 9, 14, 17, 18, 19, 20, 21, 22, 23, 24, 26, 28, 30, 31, 32, 69, 70, 102 and 103. Therefore, the parties are directed to file additional merits briefing. Finally, the parties should address what impact, if any, the current governor's moratorium on executions has on the instant action.

Accordingly, IT IS HEREBY ORDERED that respondent shall file an answer addressing the merits of the claims identified above no later than August 30, 2019. Additionally, petitioner

/////

/////

4

shall file any reply to respondent's answer no later than December 2, 2019.  Only after all merits briefing is filed will the court resume its review and consideration of all claims now pending before it.

DATED: May 9, 2019.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE